UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

LAYNE PARTEE,

  Plaintiff,

VS.

CREDIT ONE BANK, N.A.,

  Defendant.
_____/

CASE NO.:

## COMPLAINT

COMES NOW, Plaintiff, Layne Partee, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

    4.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

    5.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

    6.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

    7.    The alleged violations described herein occurred in Clark County, Nevada. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is


the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in the city of Tampa located within Hillsborough County, Florida.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CREDIT ONE BANK, N.A., is a corporation and National Association with its principal place of business located at 6801 South Cimarron Road, Las Vegas, Nevada 89113 which conducts business in the State of Nevada through its registered agent, National Registered Agents, Inc., located at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

11. CREDIT ONE BANK, N.A. called Plaintiff approximately two-hundred (200) times in an attempt to collect an alleged debt.

12. Upon information and belief, some or all of the calls CREDIT ONE BANK, N.A. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls

she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from CREDIT ONE BANK, N.A..

13. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) *** - 6777, and was the called party and recipient of Defendant's calls.

15. CREDIT ONE BANK, N.A. placed an exorbitant amount of calls to Plaintiff's cellular telephone (813) *** - 6777 in an attempt to reach an individual known only as Jenny Vega.

16. Plaintiff does not currently know, nor has she ever known, an individual by the name of Jenny Vega.

17. Plaintiff has never had any account or business dealings with CREDIT ONE BANK, N.A.

18. On several occasions over the last four (4) years, Plaintiff instructed CREDIT ONE BANK, N.A.'s agent(s) to stop calling her cellular telephone.

19. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls from Defendant were being initiated from, but not limited to, the following phone numbers:

    a. 704-251-8578

    b. 973-241-1201

    c. 843-507-8076

and when each number is called there is a pause, a pre-recorded voice answers, then an agent identifies the number as belonging to CREDIT ONE BANK.

20. In or about July 2018, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent that they were calling the wrong number and to cease calling.

21. During the aforementioned July of 2018 phone call with Defendant, Plaintiff unequivocally revoked any express consent Defendant may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

22. On subsequent occasions, Plaintiff answered a call from Defendant to her cellular telephone number ending in …6777, met with an extended pause, held the line, was eventually connected to a live representative, and informed an agent/representative of Defendant that Credit One had the wrong number, that the calls were harassing because Plaintiff is disabled which makes answering the phone painful, and demanded that Credit One cease calling her aforementioned cellular telephone number.

23. Each and every call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

24. Each and every subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number after being informed that they were calling the wrong number was knowing and willful.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff informing Defendants that she was not the individual for whom they were calling.

26. CREDIT ONE BANK, N.A. and its vendors have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

27. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CREDIT ONE BANK, N.A., to remove the number.

28. CREDIT ONE BANK, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CREDIT ONE BANK, N.A. they do not wish to be called or that they are calling the wrong number.

29. CREDIT ONE BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

30. CREDIT ONE BANK, N.A. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

31. CREDIT ONE BANK, N.A. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

32. CREDIT ONE BANK, N.A.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CREDIT ONE BANK, N.A. call list.

33. CREDIT ONE BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

34. Not one of CREDIT ONE BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

37. From each and every call without express consent placed by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CREDIT ONE BANK, N.A. call.

38. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these

features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

41. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

42. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

43. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, physical discomfort, and aggravation.

## COUNT I
**(Violation of the TCPA)**

44. Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

45. CREDIT ONE BANK, N.A. violated the TCPA with respect to Plaintiff, for each and all of the auto-dialer calls made to Plaintiff's cellular telephone.

46. CREDIT ONE BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CREDIT ONE BANK, N.A. that Plaintiff wished for the calls to stop.

47. Specifically, Plaintiff told Defendant they had the wrong number and the phone calls to her cell phone continued.

48. Plaintiff spoke to supervisors who promised they would remove her from Defendant's computer system.

49. Nevertheless, CREDIT ONE BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

**/s/ Nicholas M. Porras**_____
Nicholas M. Porras, Esq.
Nevada Bar #: 12849
The Law Offices of Nicholas M. Porras, P.A.
201 West Liberty St. Ste. 207
Reno NV 89501
Tele:  (775) 525-9246
Fax:   (888) 688-4975
nick@porraslegal.com
*Attorneys for Plaintiff*

***/s/Octavio Gomez***_____
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
TGomez@ForThePeople.com
JNeal@forthepeople.com
MMartinez@ForThePeople.com
*Pro Hac Vice pending*